IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAGULL MARITIME AGENCIES PVT. LTD. | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. _____ |
| ROCKWOOD TRADING INC. | § § § | |
| Defendant. | § | |

## COMPLAINT

COMES NOW Plaintiff, Seagull Maritime Agencies Pvt. Ltd. ("Seagull"), and files this its Complaint against Defendant, Rockwood Trading Inc., and, upon information and belief, alleges as follows::

## JURISDICTION AND VENUE

1. This is an action on a maritime contract and is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction also exists under 28 U.S.C. § 1332(a)(1) and/or (a)(2) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states and/or a foreign resident with its principal place of business outside of the State of Texas.

2. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(1) and (2) because Defendant is believed to reside within this district and because a substantial part of events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

3.   At all relevant times, Plaintiff Seagull Maritime Agencies Pvt. Ltd. was and is a foreign entity organized and existing pursuant to the laws of a foreign country with an office and place of business in the State of New Jersey. Seagull is a provider of logistics and supply chain services, including freight forwarding, and provided services to Defendant Rockwood Trading Inc.

4.   At all relevant times, Defendant Rockwood Trading Inc. ("Rockwood") was and is a corporation or other business entity organized and existing under the laws of the State of Texas with its principal office in Houston, Texas.

## FACTS

5.   Plaintiff Seagull is a worldwide provider of logistics and shipping services.

6.   On or about September 1, 2013, Plaintiff Seagull entered into a Forwarding Services Agreement ("Forwarding Agreement") with Rockwood for the shipment of wood logs from Houston, Texas to any of three destinations Ho Chi Minh, Vietnam/ Haiphong, Vietnam/Quin Nhon, Vietnam, with shipments beginning in August or September 2013, onboard vessels owned or operated by the shipping lines, CMA CGM (America) LLC, MSC and MOL. The scope of services identified in the Forwarding Agreement included shipping/freight forwarding and other value added services as may be mutually agreed. A true and correct copy of the Freight Forwarding Agreement, including Annex 1, is attached as Exhibit "A."

7.   The Forwarding Agreement provided a schedule of charges for ocean carriage, terminal handling and other services in Annex 1, which was duly incorporated and made part of the agreement. Responsibility for the payment of certain other charges associated with services to be provided under the agreement were set forth in Paragraph 14, Other Terms and Conditions, which

provided in part that all port storage and line demurrage charges would be reimbursed to Plaintiff Seagull by Defendant Rockwood. *See* Forwarding Agreement, Ex. A.

8. At all material times, Plaintiff Seagull was acting in its capacity as a Non-Vessel Operating Common Carrier or forwarder.

9. In accordance with the Forwarding Agreement, Plaintiff Seagull arranged for a series of shipments from Houston, Texas to the destination(s) directed by Defendant, onboard vessels owned or operated by the shipping lines, CMA CGM (America) LLC, MSC and MOL. Each shipment was made pursuant to a booking number.

10. On information and belief, Seagull paid freight and other charges relating to ocean carriage to the liner/ocean carrier, CMA CGM (America) LLC, MSC and/or MOL, or to their representative or agent.

11. For each shipment, Plaintiff Seagull sent an invoice or invoices for freight and other charges or services to Defendant, Rockwood.

12. Pursuant to Paragraph 11 of the Forwarding Agreement, payment was to be made within 30 days of the issuance of the Bill of Lading and any overdue invoices were subject to a penalty of "18% per annum pro rata." *See* Forwarding Agreement, Ex. A. Each invoice issued for shipments under the Forwarding Agreement also included the notation, "Payments delayed beyond agreed credit terms will attract interest @ 18% per annum."

13. As of the date of the filing of this Complaint, and despite due demand, Defendant Rockwood has failed to pay the outstanding balance of at least $89,445.00, plus interest at 18% per annum per invoice, owing to Plaintiff Seagull under invoices issued for shipments made pursuant to the Forwarding Agreement. These outstanding invoices include (but are not limited to):

Invoice No. 4001-30972010002

      Invoice No. 4001-30972010005
      Invoice No. 4001-31072010002
      Invoice No. 4001-31072010005
      Invoice No. 4001-31172010001
      Invoice No. 4001-31172010003
      Invoice No. 4001-31272010001
      Invoice No. 4001-31272010002
      Invoice No. 4001-31272010003
      Invoice No. 4001-31272010018
      Invoice No. 4001-31272010020
      Invoice No. 4001-40172010019

A true and correct copy of each invoice is attached *in globo* as Ex. "B". Certain other amounts and/or invoices, as may be shown at trial, may also be due and owing to Plaintiff Seagull. Several invoices have been partially paid, which is reflected in the total outstanding balance owed to Plaintiff Seagull.

      14.    In addition, and upon information and belief, a check in the amount of $10,500.00, representing payment on a portion of the outstanding balance, was tendered to Plaintiff Seagull by or on behalf Defendant Rockwood to secure the release of cargo. This check was returned for insufficient funds and the amount represented by the check remains owing to Plaintiff Seagull.

## BREACH OF CONTRACT

      15.    The allegations of Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

      16.    Plaintiff Seagull has performed all of its obligations under the Forwarding Agreement by arranging for the shipment(s) of goods, materials and/or equipment from Houston, Texas to the any of the three destinations in Vietnam specified in the Forwarding Agreement, or as otherwise directed by Defendant.

      17.    To date, Plaintiff Seagull has not been paid all amounts duly invoiced and owing for the services performed under the Forwarding Agreement.

18. The Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998, makes it unlawful for any person to obtain ocean transportation for free. *See* 46 U.S.C. §41102(a).

19. Defendant Rockwood's refusal to pay and/or failure to pay the outstanding balance, plus interest, together with any other amounts as may be shown at trial, which are all owing to Seagull under the Forwarding Agreement and/or invoices, constitutes a material breach of the agreement.

20. As a result of this breach, Plaintiff Seagull is owed and has sustained damages in the amount of the outstanding balance of $89,445.00 (approx.), together with interest at 18% per annum on each invoice, plus certain other amounts as may be shown at trial, no part of which has been paid, although duly demanded.

21. In attempting to recover the amounts owed, Plaintiff Seagull was forced to incur costs, expenses and attorney's fees in connection with enforcing the Forwarding Agreement and/or invoices and is entitled to recover those items pursuant to contract, Tariff, federal law, or state law.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Seagull Maritime Agencies Pvt. Ltd. prays:

A. That process in due form of law, according to the rules and practices of this Honorable Court may issue against Rockwood Trading Inc. requesting it to personally appear and answer all and singular the matters aforesaid;

B. That a judgment be entered in favor of Plaintiff Seagull Maritime Agencies Pvt. Ltd. against Defendant Rockwood Trading Inc. in the amount of the outstanding balance of $89,445.00 (approx.), together with interest at 18% per annum per invoice, costs,

expenses, prejudgment interest, and attorney's fees, and any other amounts as may be shown as owing to Plaintiff Seagull;

C. That this Court grant Plaintiff, Seagull Maritime Agencies Pvt. Ltd., such other and further relief as it deems just and proper.

                Respectfully submitted,

/s/ Katharine R. Colletta
Kevin P. Walters
Attorney-in-Charge
Texas State Bar No. 20818000
Federal I.D. No. 5649
Katharine R. Colletta
Texas State Bar No. 24053149
Federal I.D. No. 725375
CHAFFE MCCALL, L.L.P.
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone:  713-546-9800
Facsimile:  713-546-9806
walters@chaffe.com
colletta@chaffe.com

ATTORNEYS FOR PLAINTIFF
SEAGULL MARITIME AGENCIES PVT. LTD.